# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CRIMINAL NO.  1:05CR23

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RICHARD ALLEN RIDDLE** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Correct Sentence," filed March 20, 2008.

In accordance with *Castro v. United States*, 540 U.S. 375 (2003), and *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008), Defendant is advised that the Court intends to construe his motion as a request  to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

Before he agrees to this recharacterization of the motion, Defendant should consider the fact that, if the Court construes the instant motion as one under § 2255, the motion will constitute a "first petition" under § 2255. As a result,  if Defendant later wishes to file a second or successive § 2255 petition in this Court, he will first be required to receive certification from

the United States Court of Appeals for the Fourth Circuit. **28 U.S.C. §**

**2255(h).**

Additionally, the law imposes a one-year statute of limitations on a

defendant's right to bring a § 2255 motion. *Id.* **§ 2255(f).** This one-year

period begins to run at the latest of:

1. the date on which the judgment of conviction becomes final -- in this case, March 13, 2006;

2. if the defendant was prevented from making a motion under § 2255 by governmental action in violation of the Constitution or laws of the United States, the date on which the impediment created by such governmental action is removed;

3. the date on which the right asserted was initially recognized by the Supreme Court, if such right has been newly recognized by the Supreme Court **AND** made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* **§ 2255(f)(1)-(4).**

Defendant is hereby afforded the opportunity to withdraw his motion

of March 20, 2008, or to amend it so that it contains all the § 2255 claims

he wishes to assert. Nonetheless, if Defendant fails to respond to this

Order or agrees to have the motion recharacterized as a § 2255 petition,

the Court will consider the motion pursuant to § 2255 and shall consider it as of the date the original motion was filed.

**IT IS, THEREFORE, ORDERED** that Defendant file a response on or before 30 days from service of this Order.  In the response, Defendant shall advise the Court whether or not he agrees with the recharacterization of the motion as described herein.  If Defendant does not agree to the modification, the Court will rule on the merits of the pending motion.  If Defendant agrees to the modification, he may file amendments to the original motion so as to include any pertinent grounds not alleged in the original filing.  If Defendant wishes to file such amendments, he must do so within the 30-day period stated above.

Defendant is advised that if he does not timely respond to this Order, the Court will proceed with its recharacterization of the motion as described herein.

Signed: March 28, 2008

Lacy H. Thornburg
United States District Judge